IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| JAMES HERRING, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 122-074 |
| | ) | |
| WALTER BERRY, | ) | |
| | ) | |
| Respondent. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner, an inmate at Baldwin State Prison in Hardwick, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2254.  Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the motion to disqualify Respondent be **DENIED**, (doc. no. 10), Petitioner's § 2254 petition be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

I.      **BACKGROUND**

On March 2, 2017, a jury sitting in the Superior Court of Richmond County, Georgia, found Petitioner guilty of rape, and Petitioner was sentenced to life without parole.  (Doc. no. 1 ("Petition"), p. 1.) Petitioner was represented by Pete Theodocion at trial, by Portland Companaro post-conviction, and by Caitlin Angelette on appeal.  (Id. at 13; doc. no. 12-6, p. 177. )

After his motion for a new trial was denied, Petitioner filed a direct appeal on the following eight enumerations of error:

(1)     The trial court improperly admitted evidence of an incident between K.B. and Petitioner;

(2)     The State violated O.C.G.A. § 1 7-16-4(a)(l) by introducing evidence of a statement made by Petitioner that was only revealed to Petitioner during trial;

(3)     Trial counsel was ineffective for failing to file a motion to suppress the sexual evidence kit and subsequent results as the State failed to establish chain of custody;

(4)     Trial counsel was ineffective for failing to adequately investigate the case and call additional witnesses who were present during the time when the alleged crime was committed;

(5)     Trial counsel was ineffective for failing to obtain a ruling on counsel's request to refresh the victim's recollection with a report from a nurse who performed the rape kit;

(6)     There was insufficient evidence to sustain a conviction of rape;

(7)     Post-conviction counsel was ineffective for failing to obtain a subpoena for a witness for the motion for new trial hearing; and

(8)     The case should be remanded for a further hearing on Petitioner's claim that trial counsel was ineffective related to a discovery violation.

(Doc. no. 12-9, pp. 877-90.)[1]    The Georgia Court of Appeals affirmed the judgment of conviction on June 29, 2020. (Doc. no. 12-1, Herring v. State, No. A20A0143 (Ga. App. Jun. 29, 2020) (unpublished).)

---

[1]Attorney Angelette's appellate brief provided by Respondent only contains odd-numbered pages, omitting Petitioner's fifth, sixth, and eighth enumerations of error on appeal.  However, the Court can discern the three omitted enumerations of error from the District Attorney's brief and the Court of Appeals decision.  (See doc. no. 12-9, pp. 53-71; Herring, No. A20A0143.)

On November 20, 2020, Petitioner filed a state habeas petition *pro se* in the Superior

Court of Baldwin County and testified at an evidentiary hearing on January 27, 2021.  (Doc.

nos. 12-2, 12-6.)  The state petition raised four grounds:

(1)     A "direct violation" of the Fourth Amendment because "Petitioner was detained against his will and deprived of his liberty without probable cause, but only a mere suspicion";

(2)     A "direct violation" of the Fifth and Fourteenth Amendment because the District Attorney did not seek a legal indictment through the grand jury process but instead falsified Petitioner's indictment;

(3)     A "direct violation" of the Thirteenth Amendment because Petitioner is being "held to a condition of peonage" and subject to involuntary servitude; and

(4)     The state court lacked subject matter and personal jurisdiction.[2]

(Doc. no. 12-2.)   At his evidentiary hearing, Petitioner explained the trial court lacked

jurisdiction to convict him because of the grand jury and indictment issues in ground two.  (See

doc. no. 12-6, p. 7.)  On June 8, 2021, the state habeas court denied the petition, finding grounds

one, two, and four were procedurally defaulted under O.C.G.A. § 9-14-48(d) and ground three

was inappropriate in a habeas action.  (See doc. no. 12-3.)  The Georgia Supreme Court denied

Petitioner's request for a certificate of probable cause to appeal on November 23, 2021, stating

simply in a one-sentence order, "Upon consideration of the application for certificate of

probable cause to appeal the denial of habeas corpus, it is ordered that it be hereby denied."

(Doc. no. 12-4.)

---

[2]Petitioner wrote "N/A" under the section of the form petition reserved for ground four but stated the state court lacked jurisdiction at the closing of his petition under the title "Part III."  (See doc. no. 12-2, pp. 6-8.)  However, the state habeas court construed the Part III claim as a fourth ground.  (See doc. no. 12-3, pp. 2-3.)

On June 9, 2022, Petitioner filed the instant federal petition *pro se*, asserting three grounds for relief:

(1)     A "direct violation" of the Fourth Amendment because the primary evidence used against Petitioner was derivative of an illegal arrest and detainment, and thus fruit of the poisonous tree;

(2)     A "direct violation" of the Fifth and Fourteenth Amendment because the District Attorney did not seek a legal indictment through the grand jury process but instead falsified Petitioner's indictment; and

(3)     Petitioner's Thirteenth Amendment rights are being violated because he is being "held to a condition of peonage."

(Petition, pp. 5-10.)  )  Petitioner also requests an evidentiary hearing in his petition.  (Id. at 28.)   Respondent answered the Petition, arguing Grounds One and Two are procedurally defaulted and Ground Three does not allege a constitutional violation in the criminal conviction being challenged.  (See doc. no. 11.)  Petitioner filed a response to the Answer, and again asked for an evidentiary hearing on specifically the grand jury proceedings leading to his indictment.  (See doc. no. 14.)

Petitioner also filed a "Motion to Disqualify Respondent for Lack of Jurisdiction" which simply argues the merits of his habeas petition which he believes, if granted, would vacate his conviction and strip Respondent of jurisdiction to detain him.  (See doc. no. 10.) Petitioner also asks for the production of grand jury records which relate to his claims. However, at the start of his motion, Petitioner also invokes Local Rule 7.6 regarding reply briefs and Federal Rule of Civil Procedure Rule 59(e) regarding motions to alter or amend a judgment while requesting reconsideration of the Court's June 28, 2022 Order directing Respondent to answer the petition.  (Id. at 1.)  Whatever Petitioner intended this motion to be is totally unclear, so the motion should be **DENIED**.

4

## II.    NO RIGHT TO EVIDENTIARY HEARING

### A.    Analytical Framework for Considering Hearing Request

When determining whether an evidentiary hearing is warranted, the Court must consider the restrictions of § 2254(e)(2), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"):

> If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that - -
>
> (A)    the claim relies on - -
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)    the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).  Because this code section applies only when an "applicant has failed to develop the factual basis of a claim," an evidentiary hearing is prohibited where a petitioner fully developed the factual basis of his claim in state court.

A petitioner who has "failed to develop the basis for a claim" must establish "a factual predicate that could not have been previously discovered through the exercise of diligence."  § 2254(e)(2)(A)(ii).  Diligence is a reasonable attempt, in light of the information then available, to investigate and pursue claims in state court.  Williams v. Taylor, 529 U.S. 420, 436 (2000). A petitioner is not diligent when he has failed to present evidence despite notice, access to the evidence, and sufficient time to prepare.  Pope v. Sec'y Dep't of Corr., 680 F.3d 1271, 1289

(11th Cir. 2012).  Petitioner must also "persuade the [Court] that the proffered evidence would affect the resolution of the claim."  Breedlove v. Moore, 74 F. Supp. 2d 1226, 1233 (S.D. Fla. 1999) (citing Bolender v. Singletary, 16 F.3d 1547, 1555 n.9 (11th Cir. 1994)); see also Stephens v. Kemp, 846 F.2d 642, 650-51 (11th Cir. 1988) (same).  "[I]f a habeas petition does not allege enough specific facts that, if they were true, would warrant relief, the petitioner is not entitled to an evidentiary hearing."  Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011).

The Court must also consider § 2254(d), as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"'[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits' . . . and therefore 'evidence introduced in federal court has no bearing on § 2254(d)(1) review.'"  Landers v. Warden, 776 F.3d 1288, 1295 (11th Cir. 2015) (quoting Cullen v. Pinholster, 563 U.S. 170, 181, 185 (2011)) (internal citations omitted).  The restriction "applies even more clearly to § 2254(d)(2), which contains an explicit textual restriction to evaluate the state court ruling only 'in light of the evidence presented in the State court proceeding.'"  Id. (quoting § 2254(d)(2)).

Furthermore, "although § 2254(e)(2) permits federal habeas courts to take new evidence in an evidentiary hearing, that provision applies only when the petitioner has either satisfied § 2254(d), or the federal court is deciding claims that were not adjudicated on the merits in state court."  Locke v. Sec'y, Fla. Dep't of Corr., No. 5:15cv55/RV/EMT, 2016 WL 3647795,  at *32 (N.D. Fla. May 12, 2016) (citing Cullen, 563 U.S. at 185-86), *adopted by*, 2016 WL 3647875 (N.D. Fla. June 30, 2016); see also Pope v. Sec'y, Fla. Dep't of Corr., 752 F.3d 1254, 1263 (11th Cir. 2014) ("§ 2254(d) must be satisfied before a federal habeas court may consider any § 2254(e)(2) evidence.") (citing Cullen, 563 U.S. at 181-82).

**B.      Petitioner Is Not Entitled to an Evidentiary Hearing**

Petitioner is not entitled to an evidentiary hearing because he has entirely failed to show the facts underlying any of his claims, and specifically his Ground Two claims, would be sufficient to establish by clear and convincing evidence that but for the alleged constitutional error no reasonable factfinder would have found him guilty.  Ground Two does not even relate to the underlying offense, but rather focuses on alleged procedural defects concerning the grand jury and indictment.  Petitioner has also not argued, let alone satisfied, any of the requirements outlined above with respect to development of the factual basis for a claim or establishment of due diligence concerning the investigation and pursuit of his claims in state court.  He mainly seeks documentation from the grand jury session leading to his indictment. (See doc. no. 14, pp. 21-24.)  However, Petitioner engaged the services of three different attorneys during his extensive state court proceedings, and nothing in the record suggests Petitioner was prevented in any way from investigating claims related to the grand jury, the indictment, or any other issue.  Further, Petitioner has not proffered any new evidence to support his request for a hearing, let alone shown any such evidence would affect the resolution

7

of his federal claims for relief, which as discussed below, are procedurally defaulted.

Accordingly, the request for an evidentiary hearing should be **DENIED**.

### III.   STANDARD OF REVIEW

Under § 2254(d), as amended by AEDPA and as set forth above, federal habeas corpus

relief is not available on a claim adjudicated on the merits in State court unless the  decision

(1) was contrary to, or involved an unreasonable application of  clearly established Federal

law, or (2) was based on an unreasonable determination of the facts in light of the State court

evidence.  The United States Supreme Court has characterized § 2254(d) as "part of the basic

structure of federal habeas jurisdiction, designed to confirm that state courts are the principal

forum for asserting constitutional challenges to state convictions." Harrington v. Richter, 562

U.S. 86, 103 (2011).  Accordingly, § 2254(d) creates a "difficult to meet and highly deferential

standard for evaluating state-court rulings, which demands that state-court decisions be given

the benefit of the doubt." Cullen, 563 U.S. at 181 (citations omitted).

In Brown v. Payton, 544 U.S. 133, 141 (2005), the Supreme Court explained the

difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1)

as follows:

> A state-court decision is contrary to this Court's clearly established precedents
> if it applies a rule that contradicts the governing law set forth in our cases, or if
> it confronts a set of facts that is materially indistinguishable from a decision of
> this Court but reaches a different result. A state-court decision involves an
> unreasonable application of this Court's clearly established precedents if the
> state court applies this Court's precedents to the facts in an objectively
> unreasonable manner.

Id. (internal citations omitted).  Thus, under § 2254(d)(1), it is not enough to demonstrate that

a state court's decision is wrong; "even clear error will not suffice." White v. Woodall, 572

U.S. 415, 419 (2014).  Rather, the habeas petition must show the state court decision was

"objectively unreasonable." Wiggins v. Smith, 539 U.S. 510, 520-21 (2003); see also Woods

v. Donald, 575 U.S. 312, 316 (2015) (a petitioner must show the state court's ruling "was so

lacking in justification that there was an error well understood and comprehended in existing

law beyond any possibility for fairminded disagreement."). A showing that the state court's

determination was unreasonable is a substantially higher threshold than whether it was correct.

Reed v. Sec'y, Fla. Dep't of Corr., 767 F.3d 1252, 1260-61 (11th Cir. 2014); Evans v. Sec'y,

Dep't of Corr., 703 F.3d 1316, 1325 (11th Cir. 2013). In addition, "review under § 2254(d)(1)

is limited to the record that was before the state court that adjudicated the claim on the merits."

Cullen, 563 U.S. at 181.

Moreover, under AEDPA's highly deferential standard of review for state court factual

determinations, a federal habeas court may only grant relief if a state court's adjudication of a

claim "resulted in a decision that was based on an unreasonable determination of the facts in

light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Additionally, § 2254(e)(1) requires the Court "to presume the correctness of state courts'

factual findings" unless the habeas petitioner rebuts that presumption "with clear and

convincing evidence." Nejad v. Att'y Gen., State of Ga., 830 F.3d 1280, 1289 (11th Cir. 2016)

(citing Schriro v. Landrigan, 550 U.S. 465, 473-74 (2007)); see also Reese v. Sec'y, Fla. Dep't

of Corr., 675 F.3d 1277, 1287 (11th Cir. 2012) ("In a habeas proceeding, our review of findings

of fact by the state court is even more deferential than under a clearly erroneous standard of

review."). "The Supreme Court has not yet defined § 2254(d)(2)'s precise relationship to §

2254(e)(1) . . . [w]hatever that precise relationship may be, a state-court factual determination

is not unreasonable merely because the federal habeas court would have reached a different

conclusion in the first instance." Tharpe v. Warden, 834 F.3d 1323, 1336 (11th Cir. 2016)

(citing Wood v. Allen, 558 U.S. 290, 301 (2010)).

## IV.  DISCUSSION

### A.  Petitioner's Procedural Default

#### 1.  A Federal Habeas Petitioner Defaults a Claim by Failing to Properly Exhaust State Remedies.

AEDPA preserves the traditional exhaustion requirement, which requires a district court to dismiss unexhausted habeas claims that the petitioner did not raise in state court but could have raised by any available procedure.  28 U.S.C. § 2254(b)(1)(A) & (c).  A state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the federal claims.  Castille v. Peoples, 489 U.S. 346, 351 (1989).  "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition."  O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

"A state prisoner seeking federal habeas relief cannot raise a federal constitutional claim in federal court unless he first properly raised the issue in the state courts."  Henderson v. Campbell, 353 F.3d 880, 891 (11th Cir. 2003) (quoting Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001)).  The exhaustion requirement applies with equal force to all constitutional claims.  See Lucas v. Sec'y, Dep't of Corr., 682 F.3d 1342, 1351-54 (11th Cir. 2012); Footman v. Singletary, 978 F.2d 1207, 1211 (11th Cir. 1992).  "Ultimately, 'to exhaust state remedies fully[,] the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'"  Preston v. Sec'y, Fla. Dep't of Corr., 785 F.3d 449, 457 (11th Cir. 2015) (citation omitted).  Furthermore, a petitioner's failure to exhaust his claims properly ripens into a procedural default once state remedies are no longer available.  McNair v.

10

Campbell, 416 F.3d 1291, 1305 (11th Cir. 2005).

A federal habeas petitioner can run afoul of procedural default rules in one of two ways, depending on whether the claim is an old one the petitioner already attempted to assert unsuccessfully in state court, or a new one the petitioner never attempted to raise in state court. First, a federal habeas petitioner cannot revive an old claim that a state court previously denied on independent and adequate procedural grounds. "As a general rule, a federal habeas court may not review state court decisions on federal claims that rest on state law grounds, including procedural default grounds, that are 'independent and adequate' to support the judgment." Boyd v. Comm'r, Ala. Dep't of Corr., 697 F.3d 1320, 1335 (11th Cir. 2012); see also Shinn v. Ramirez, 142 S. Ct. 1718, 1732 (U.S. May 23, 2022) (explaining "federal courts generally decline to hear any federal claim that was not presented to the state courts 'consistent with [the State's] own procedural rules'"). A state court decision rests on "independent and adequate" state procedural grounds when it satisfies the following three-part test:

> First, the last state court rendering a judgment in the case must clearly and expressly say that it is relying on state procedural rules to resolve the federal claim without reaching the merits of the claim. Second, the state court decision must rest solidly on state law grounds, and may not be intertwined with an interpretation of federal law. Finally, the state procedural rule must be adequate; *i.e.,* it may not be applied in an arbitrary or unprecedented fashion. The state court's procedural rule cannot be "manifestly unfair" in its treatment of the petitioner's federal constitutional claim to be considered adequate for purposes of the procedural default doctrine. In other words, a state procedural rule cannot bar federal habeas review of a claim unless the rule is "firmly established and regularly followed."

Id. at 1336 (internal quotations and citations omitted). Additionally, the Supreme Court has made clear that "a state procedural bar may count as an adequate and independent ground for denying a federal habeas petition even if the state court had discretion to reach the merits despite the default." Walker v. Martin, 562 U.S. 307, 311 (2011).

Second, a federal habeas petitioner runs afoul of procedural default rules when he attempts to bring a new claim in his federal petition that would be procedurally barred if he attempted to raise it in state court.  In such instances, unless the petitioner either establishes the cause and prejudice or the fundamental miscarriage of justice exception, the failure to bring the claim properly in state court has "matured into a procedural default."  Smith v. Jones, 256 F.3d 1135, 1138-39 (11th Cir. 2001).  Thus, where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief."  Smith v. Sec'y, Dep't of Corr., 572 F.3d 1327, 1342 (11th Cir. 2009) (citing Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998)); Bailey v. Nagle, 172 F.3d 1299, 1303 (11th Cir. 1999).  To determine whether a claim is procedurally barred in this way, the federal court must ask whether "it is clear from state law that any future attempts at exhaustion would be futile."  See Bailey, 172 F.3d at 1305.

Simply put, if a claim has not been "fairly presented to the state courts, it is procedurally defaulted."  Jones v. Campbell, 436 F.3d 1285, 1304 (11th Cir. 2006).  To that end, absent a showing of either cause to excuse the default and actual prejudice or a fundamental miscarriage of justice, O.C.G.A. § 9-14-48(d) precludes state habeas review of any issue not preserved for collateral attack in a state court by timely objecting and raising the issue on appeal.  See Devier v. Zant, 3 F.3d 1445, 1454-55 (11th Cir. 1993) (citing O.C.G.A. § 9-14-48(d) and upholding a finding of procedural default on numerous claims); see also Waldrip v. Head, 620 S.E.2d 829, 835-36 (Ga. 2005) ("Claims not raised on direct appeal are barred by procedural default, and in order to surmount the bar to a defaulted claim, one must meet the 'cause and prejudice' test."); Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985) ("The rule now may be stated as follows:  a failure to make timely objection to *any* alleged error or deficiency or to pursue the

same on appeal ordinarily will preclude review by writ of habeas corpus."). In addition, Georgia law prohibits the assertion of state habeas claims in any successive petition that could have been asserted in the original state habeas petition. O.C.G.A. § 9-14-51; Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998) ("The Georgia statute restricting state habeas review of claims not presented in earlier state habeas petitions can and should be enforced in federal habeas proceedings against claims never presented in state court . . . .").

### 2.      Petitioner Procedurally Defaulted Grounds One and Two

In Ground One, Petitioner alleges his Fourth Amendment rights were violated when the primary evidence used against him at trial was "derivative of an illegal arrest and detainment" and therefore fruit of the poisonous tree. (Petition, p. 5.) In contrast, ground one of his state petition alleged Petitioner was "detained against his will and deprived of his liberty without probable cause, but only one a mere suspicion." (Doc. no. 12-2.) While the root of both claims is an arrest in the absence of probable cause, Petitioner complains about illegal pretrial detention in his state petition and illegal seizure of trial evidence in his federal petition. These critical distinctions make it clear that Ground One is a new claim not previously presented to the state courts. As Respondent argues, Ground One is procedurally defaulted and would be deemed successive if now raised in a second state collateral attack. (Doc. no. 11-1, pp. 4-6.) Petitioner's failure to first bring Ground One properly in state court has "matured into a procedural default." Smith, 256 F.3d at 1138-39; See O.C.G.A. § 9-14-51; Chambers, 150 F.3d at 1327.

Ground Two is also procedurally defaulted. In Ground Two, Petitioner asserts a claim of missing grand jury records and a "falsified" indictment, which he did first present to the state habeas court also numbered as ground two. "[W]here . . . the last reasoned opinion on

the claim explicitly imposes a procedural default, we will presume that a later decision

rejecting the claim did not silently disregard that bar and consider the merits." Ylst v.

Nunnemaker, 501 U.S. 797, 803 (1991); see also Wilson v. Sellers, 584 U.S.-, 138 S. Ct. 1188,

1193-94 (U.S. 2018) (applying Ylst "look through" presumption when relevant state court

decision on the merits does not come accompanied with statement of reasons).  Thus, because

the Georgia Supreme Court decision on the certificate of probable cause application was not

accompanied by reasons for affirming the denial of state habeas relief, this Court should look

through the unexplained decision to the last related state court decision that does provide a

relevant rationale, *i.e.* the ruling of the state habeas court.

The state habeas court found ground two was procedurally defaulted under O.C.G.A. §

9-14-48(d) as the issue was "not timely raised at the trial level under the governing procedural

rule and then enumerated as error in direct appeal." (Doc. no. 12-3, p. 2.)  Citing Black, the

state habeas court explained default may only be excused by "a showing of cause for

noncompliance with such requirement, and actual prejudice . . . ."  and determined Petitioner

had not established cause or prejudice for his failure to raise the alleged grand jury issue

previously. 336 S.E.2d at 755.  Specifically, the Court explained the basis of Petitioner's claim

is the absence of minutes or other documents from the grand jury that issued his indictment,

but Georgia law does not require minutes for grand jury proceedings. (See doc. no. 12-3, p. 5

(citing Thompson v. State, 18 Ga. App. 488, 899 S.E. 609 (1916).)  As the indictment on its

face was true-billed, signed by the grand jury foreman, and filed by the clerk, Petitioner's

ground two allegations did not establish prejudice.  (See id.)  Thus, because Ground Two of

the federal petition was denied by the state habeas court under state procedural default rules

"firmly established and regularly followed," it is procedurally defaulted in these proceedings

and provides no basis for federal habeas relief.  See Boyd, 697 F.3d at 1336; McNair, 416 F.3d

at 1305; Smith, 256 F.3d at 1139.

> **3.     Petitioner Cannot Satisfy the Cause and Prejudice Standard to Justify Federal Review of His Defaulted Claims, and the Miscarriage of Justice Exception Does Not Apply**

"A petitioner may obtain federal review of a procedurally defaulted claim if he can

show both cause for the default and actual prejudice resulting from the default."  Jones, 436

F.3d at 1304 (citing Wainwright v. Sykes, 433 U.S. 72, 97 (1977)); Shinn, 142 S. Ct. at 1732

(same).  "Cause for a procedural default exists where something *external* to the petitioner,

something that cannot fairly be attributed to him[,] . . . impeded [his] efforts to comply with

the State's procedural rule."  Maples v. Thomas, 565 U.S. 266, 280 (2012) (internal quotation

marks omitted).  "Once cause is proved, a petitioner also must prove prejudice.  He must show

'not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to

his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional

dimensions.'"  Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (quoting United

States v. Frady, 456 U.S. 152, 170 (1982)); Shinn, 142 S. Ct. at 1733 (same).  For example,

procedural default does not preclude federal habeas review when

> (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law *requires* that an "ineffective assistance of trial counsel [claim] . . . be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. 413, 423 (2013); Martinez v. Ryan, 566 U.S. 1, 13-14, 16-17

(2012).

"Additionally, in extraordinary cases, a federal court may grant a habeas petition without a showing of cause and prejudice to correct a fundamental miscarriage of justice." Jones, 436 F.3d at 1304 (citing Murray v. Carrier, 477 U.S. 478, 496 (1986)).   The narrow fundamental miscarriage of justice exception encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of one actually innocent of the crime.   Murray, 477 U.S. at 496; see also Johnson, 256 F.3d at 1171 ("This exception is exceedingly narrow in scope, as it concerns a petition's 'actual' innocence rather than his 'legal' innocence.").   In McQuiggin v. Perkins, the Supreme Court held that this exception survived AEDPA's passage but "applies to a severely confined category:  cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]."   569 U.S. 383, 395 (2013) (quoting Schlup v. Delo, 513 U.S. 298, 329 (1995)).

Grounds One and Two fail to meet the cause and prejudice standard.  Petitioner offers no justification for failing to raise Ground Two prior to his state habeas petition and Ground One prior to filing in federal court.  Nor does he contend that something external to him prevented raising either claim at the proper time in the state courts.  Further, the Court agrees with the state habeas court's finding that the lack of grand jury minutes did not prejudice Petitioner, as explained above, and also that Petitioner's probable cause argument does not create prejudice, as the trial jury found Petitioner guilty beyond a reasonable doubt.  (Doc. no. 12-3, p. 5.)  Petitioner also does not argue, let alone submit any evidence, that he is probably and factually innocent of rape.  To the contrary, Petitioner's arguments are based on legal theories of wrongful detainment, improper warrants, and issues with the grand jury and indictment.  Accordingly, Grounds One and Two have been defaulted and are not excused by any exception, and therefore provide no basis for federal habeas corpus relief.

16

**B.      Ground Three Fails to State a Valid Basis for Federal Habeas Relief**

In Ground Three, Petitioner argues his Thirteenth Amendment rights are being violated by being incarcerated.  A state court criminal judgment may be collaterally attacked in the federal courts only if it violated federal law.  Wilson v. Corcoran, 562 U.S. 1, 3 (2010).  Indeed, as the federal habeas statute explains, the federal writ may issue to a state petitioner only when that petitioner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a).  The Thirteenth Amendment prohibits slavery and involuntary servitude, "except as a punishment for crime whereof the party shall have been duly convicted." U.S. Const. amend. XIII.  There is no clearly established federal law that applies the Thirteenth Amendment to incarceration resulting from a valid state criminal conviction. See Omasta v. Wainwright, 696 F.2d 1304, 1305 (11th Cir. 1983) ("where a prisoner is incarcerated pursuant to a presumptively valid judgment . . . the thirteenth amendment's prohibition against involuntary servitude is not implicated"); see also Wendt v. Lynaugh, 841 F.2d 619, 620 (5th Cir. 1988) ("Where a person is duly tried, convicted, sentenced and imprisoned for crime in accordance with law, no issue of peonage or involuntary servitude arises." (quoting Draper v. Rhay, 315 F.2d 193, 197 (9th Cir. 1963)).  Thus, the Thirteenth Amendment plays no role in determining whether a state conviction was in violation of federal law, so the Amendment provides no basis to attack a state conviction under § 2254.  See Johnson v. Kernan, No. 119CV00032SKOHC, 2019 WL 8723814, at *1 (E.D. Cal. Feb. 6, 2019) (finding Thirteenth Amendment creates no basis for state inmate's § 2254 habeas petition), *adopted by* 2019 WL 8723815 (E.D. Cal. Apr. 3, 2019); Foster v. Daley, No. 91 C 4328, 1991 WL 140125, at *1 (N.D. Ill. July 18, 1991) ("The Thirteenth Amendment does not apply to duly convicted prisoners even when that conviction is being appealed.")  Ground

Three does not state a claim for relief.

## IV.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the motion to disqualify Respondent be **DENIED**, (doc. no. 10), Petitioner's § 2254 petition be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 3rd day of January, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA